TILLMAN and others, Appellants, vs. MICHIGAN-WISCONSIN PIPE LINE COMPANY, Respondent.

*March 30—May 5, 1953.*

For the appellants there was a brief and oral argument by *Allan Cain* of Kaukauna.

For the respondent there was a brief by *Rieser, Mathys, McNamara & Stafford* of Madison, and oral argument by *Willard S. Stafford.*

BROWN, J.    Plaintiffs' farm lies about a mile and a quarter west of the city limits of Appleton, from which it is separated by other farm land and by a railroad line.  In 1947 the county

acquired a right of way running east and west across the farm for the possible future extension of College avenue, a street in Appleton, which when extended will connect the city with Highway 41. Plaintiffs have contemplated that at some time their farm would be available for city lots and in 1947 they had a plat drawn up. This plat was made without any survey and without regard to the contour of the land and was never recorded. Experts testified on each side, plaintiffs' experts saying that the farm had great possibilities as a city development, and defendant's experts testifying that the railroad lying between this land and the city was a serious obstacle to the westward growth of the town. They considered that the prospects of city development of the plaintiffs' property were remote.

The appeal assigns as error the trial court's refusal to give requested instructions which contained references to plaintiffs' intention of platting the land, the land's value as city lots, and its value to future users because of the extension of College avenue as items which the jury might consider in determining damages. The material part of the court's charge on this subject was:

"There has been a claim made by the property owners in each instance that the properties involved in these cases are more valuable for platting purposes—that is, for the sale of lots—than it is when used for farm purposes, although it is presently used for farming. In estimating the damage in such a situation the rule of law is that the owner is only entitled to the difference between the fair market value of the land before it was taken and the fair market value of what remained after the taking of a portion thereof by the pipeline company. In determining the value of the land actually taken you are to be governed by the fair market value on June 25, 1950. What was the fair market value of the land at that time for any purposes for which it might reasonably be used in the immediate future? You are not to be governed by what lots in the respective properties might sell for in the distant future in the event of street improvements in

the area; nor, indeed, is the price per lot a measure of value either in the near or in the distant future. That would be too remote and uncertain, and would definitely be speculative. You are asked to determine this question: What was the fair market value of the respective properties, on the market, on the 25th day of June, 1950, with reference to its availability for any purpose to which it might be reasonably put by a provident, discreet businessman in the immediate future? The future uses considered, if any, must be so reasonably probable as to affect the present market value."

Respondent points out that this is the charge which we approved in *Watson v. Milwaukee & Madison R. Co.* (1883), 57 Wis. 332, 15 N. W. 468. What we said then is so pertinent to the present assignment of error that we quote at length from pages 352 and 355 of the opinion.

"The learned counsel for the appellants insist that the court erred in refusing to give certain instructions to the jury as requested by the appellants. Taking it for granted that it was competent for the appellants to enhance the damages by showing that a part of the tract of land was more valuable for the purpose of being platted into village lots and sold as such than for any other purpose; and that the evidence given on their part tended to prove that fact; and that the instructions requested by appellants fairly submitted that question to the jury,—we are still of the opinion that such question was fairly submitted to the jury in the general charge of the circuit judge, and that the appellants have nothing to complain of in that respect. It was not the duty of the court to give particular prominence to that theory of the appellants' case, in instructing the jury, that the counsel does in his argument of the case before the jury. It is for the court to instruct the jury upon all the questions fairly in the case, but it is not error to refuse to emphasize any particular phase of the case in favor of either party. . . .

"It will be seen that the only reason why the appellants complain of the refusal to give the instructions asked, and of the instructions given, is that the court declined to present the theory of the special use to which a part of the premises might be put in the future, in a specific and prominent man-

ner to the jury. This, as we have said above, the learned circuit judge was not bound to do. The evidence of the probabilities of any part of the lands taken being more valuable for the use relied upon by the appellants were so remote, and depended so much upon matters resting in the volition of persons over whom the appellants had no control, we think the court did its entire duty when it permitted the appellants to present their theory of the evidence, and argue it by counsel to the jury, without making it a matter of special comment in his charge. . . ."

We consider the charge of the learned trial court in the present action was fair to the plaintiffs and no error was committed when the court refused to give special emphasis to certain evidence affecting the value of the property.

*By the Court.*—Judgment affirmed.